UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK, NA AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF BANC OF AMERICA FUNDING CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-H,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN H. LUCORE; JUDY L. LUCORE; and DOES 1 to 10, Inclusive,<br><br>Defendants. | Case No.: 18-CV-286 JLS (MDD)<br><br>**ORDER: (1) GRANTING PLAINTIFF'S MOTION TO REMAND; (2) REMANDING ACTION TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO; AND (3) DENYING AS MOOT DEFENDANTS' MOTION TO CONSOLIDATE**<br><br>(ECF Nos. 3, 6, 17) |

Presently before the Court is Defendants Steven H. Lucore and Judy L. Lucore's Motion to Consolidate, (ECF No. 3), and Plaintiff U.S. Bank, NA as Trustee for the Certificateholders of Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-H's Motion to Remand, ("MTN to Remand," ECF No. 5). Also before the Court is Defendants' Opposition, ("Remand Opp'n," ECF No. 11), and Plaintiff's Reply in Support of, ("Remand Reply," ECF No. 12), its Motion to Remand. Additionally, Plaintiff filed a Response in Opposition to, (ECF No. 9), and Defendants filed a Reply in Support of, (ECF No. 15), the Motion to Consolidate. Defendants also

filed an *ex parte* motion for leave to file a sur reply. (ECF No. 17.) The Court took these motions under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 13.) Having considered the parties' arguments and the law, the Court **GRANTS** Plaintiff's Motion to Remand, (ECF No. 6); **REMANDS** this action to the Superior Court of California, County of San Diego, (ECF No. 1); and **DENIES AS MOOT** Defendants' Motion to Consolidate, (ECF No. 3) and Defendants' *ex parte* motion for leave to file a sur reply, (ECF No. 17).

## BACKGROUND

Plaintiff filed its Complaint for unlawful detainer in the Superior Court of California, County of San Diego on June 15, 2015. (Ex. B, ECF No. 1-3.) On July 27, 2015, Defendants filed their Answer asserting as an affirmative defense that the foreclosure sale was void. (Ex. C, ECF No. 1-4.) On February 7, 2018, Defendants filed a Notice of Removal. (ECF No. 1.)

Defendants filed the instant Motion to Consolidate on February 2, 2016, (ECF No. 4), seeking to consolidate this action with *Lucore v. U.S. Bank as Trustee for the Certificate Holders of Banc of America Funding Corporation Mortgage Pass-Through Certificates Series 2006-H*, No. 15-CV-2246 JLS (MDD), and *Lucore v. Michael D. Zeff et al.*, No. 15-CV-910 JLS (MDD). Pursuant to the low number rule, this action was reassigned to this Court from Judge Anthony J. Battaglia on February 14, 2016. (ECF No. 5.) Then, Plaintiff filed the instant Motion to Remand on February 15, 2018, (ECF No. 6).

## LEGAL STANDARD

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," defendants may remove the action to federal court. 28 U.S.C. § 1441(a). Section 1441 provides two bases for removal: diversity jurisdiction and subject-matter jurisdiction. Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); and *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## ANALYSIS

Plaintiff seeks remand to state court because the Court lacks subject matter jurisdiction. (MTN to Remand 6.)[1] Plaintiff contends that it filed a limited civil case in state court that did not exceed $10,000. (*Id.* (citing ECF No. 1-3, at 2).) Therefore, the amount in controversy does not exceed $75,000, as required for diversity jurisdiction. (*Id.*) Additionally, Plaintiff argues that there is no federal question on the face of Defendants' state court complaint and therefore this Court has no federal question jurisdiction. (*Id.*)

Defendants respond by recounting the lengthy procedural history between the two parties. (*See* Remand Opp'n 2–11.) This history includes purported notices of rescission, bankruptcy stays, Plaintiff attempting to enforce unlawful detainers against Defendants, alleged fraud by a notary public, a complaint filed with the Consumer Financial Protection Bureau, and violations of the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act. (*See id.*) Defendants conclude by arguing that this Court should retain jurisdiction based on the "complex Federal issues plead [sic] in this document because they are better litigated in and under Federal Jurisdiction." (*Id.* at 12.) Defendants finally argue that Plaintiff has no standing or interest in the mortgage to file a motion to remand because the mortgage on Defendants' property was void. (*Id.*)

---

[1] Pin citations to docketed materials refer to the CM/ECF page numbers electronically stamped at the top of each page.

Plaintiff replies by arguing that Defendants' time limit to remove this case from state court has long since lapsed. (Remand Reply 2.) 28 U.S.C. § 1446(b)(1) requires notice of removal to be filed within 30 days after receipt by defendant of a copy of the initial pleading. Plaintiff points out that Defendants filed their answer on July 27, 2015, over three years ago.

This is not the first time Defendants have removed this particular action from state court. Two years ago, this Court addressed this exact same issue, in the exact same case. On January 28, 2016, Defendants removed the present state court unlawful detainer action to the Southern District of California. (*See* No. 16-CV-226 JLS (MDD), ECF No. 1.) Plaintiff filed a motion to remand, which this Court granted because Defendants' Notice of Removal was untimely. (*See* No. 16-CV-226 JLS (MDD), ECF No. 20.) The issue here is, once again, timeliness of removal.

Under section 1446(b) of title 28 of the United States Code, there are two thirty-day windows within which a case can be removed. *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015). First, a defendant has thirty days to remove after receiving an initial complaint that is removable. 28 U.S.C. § 1446(b)(1). If the initial complaint is not removable, another thirty-day removal window begins after receipt of the first document from which it can be ascertained that the case is removable. 28 U.S.C. § 1446(b)(3). The second removal window is triggered by the occurrence of an event that first discloses that the case is or was removable. *See Reyes*, 781 F.3d at 1189. Furthermore, "[a] case may not be removed under subsection (b)(3) on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action." 28 U.S.C. § 1446(c)(1).

Here, Plaintiff filed its complaint in state court on June 15, 2015, (Ex. B, ECF No. 1-3), and Defendants answered on July 27, 2015, (Ex. C, ECF No. 1-4). Defendants did not file their Notice of Removal until February 7, 2018—nearing three years since the filing of Plaintiff's state court complaint. (ECF No. 1.) Defendants' first thirty-day window in which to remove closed in July 2015—long before Defendants filed their Notice of Removal on February 7, 2018. *See* 28 U.S.C. § 1446(b)(1). Further, Defendants do not

4

18-CV-286 JLS (MDD)

claim that they received "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" within the thirty days before filing their Notice of Removal. *See* 28 U.S.C. § 1446(b)(3). Nor does it appear from the record that an amended pleading, motion, order or other paper was filed thirty days preceding the notice of removal. Instead, it appears that this case was rapidly proceeding to trial in state court. (*See* MTN to Remand 4.)

Finally, section 1446(c)(1) bars removal of a case, based on diversity jurisdiction, more than one year after commencement of the action. Defendants' Notice of Removal argues this Court has subject matter jurisdiction based on complete diversity of citizenship and the amount in controversy.[2] (*See* ECF No. 1, at 3.) As this case would be governed under the Court's diversity jurisdiction, the one year removal window closed June 15, 2016. See 28 U.S.C. § 1446(c)(1). The time to remove this case has long since passed.

The burden of proof is on the party invoking the removal statute. *Emrich*, 846 F.2d at 1195. Defendants do not address the timeliness issue in their Opposition brief. (*See* Remand Opp'n.) Defendants have not carried their burden; this case was not removable in 2016 and they have not demonstrated this case is removable in 2018. Accordingly, Defendants "lost their opportunity to remove the case when they failed to file a petition for removal within thirty days of the filing of the original complaint." *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989) (citing *Clorox Co. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 779 F.2d 517, 521 (9th Cir. 1985)). The Court therefore **GRANTS** Plaintiff's Motion to Remand, (ECF No. 6), and **REMANDS** this action to the Superior Court of California, County of San Diego, (ECF No. 1). Because the Court grants Plaintiff's Motion to Remand, the Court **DENIES AS MOOT** Defendants' Motion to

---

[2] In their Opposition brief, Defendants argue that this case should not be remanded because there are complex federal issues. (Remand Opp'n 12.) A court evaluates federal question jurisdiction based on the existence of a federal question presented on the face of a plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)). Here, Plaintiff's complaint only raises an unlawful detainer issue arising under California law. (*See* ECF No. 1-3.) There is no federal question jurisdiction.

Consolidate, (ECF No. 3).

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand, (ECF No. 6); **REMANDS** this action to the Superior Court of California, County of San Diego, (ECF No. 1); and **DENIES AS MOOT** Defendants' Motion to Consolidate, (ECF No. 3), and Defendants' *ex parte* Motion to file a Sur Reply, (ECF No. 17).

**IT IS SO ORDERED.**

Dated: May 14, 2018

Hon. Janis L. Sammartino
United States District Judge